# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **DIETRICK L. JOHNSON, SR, #19831078** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:20cv755** |
| § | **CRIMINAL ACTION NO. 4:12r80(1)** |
| **UNITED STATES OF AMERICA** § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Dietrick Lewis Johnson, Sr., filed the above-styled and numbered cause of action. The construed motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255, was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## BACKGROUND OF THE CASE

Movant pled guilty to carjacking, in violation of 18 U.S.C. § 2119. He was sentenced to 240 months' imprisonment pursuant to a Rule 11(c)(1)(C) plea agreement. On July 11, 2014, Movant filed his first motion pursuant to 28 U.S.C. § 2255, which was denied and the case dismissed with prejudice. *See* Civil Action No. 4:14cv460. The Fifth Circuit Court of Appeals denied his motion for certificate of appealability on June 17, 2016.

Movant then filed a second motion pursuant to 28 U.S.C. § 2255. Garland Cardwell was appointed counsel for Movant in his first successive § 2255 case. *See* Civil Action No. 4:16cv521. Mr. Cardwell, along with Assistant United States Attorneys Tracey M. Batson and Alan R. Jackson,

1

filed a joint motion to the United States Court of Appeals for the Fifth Circuit seeking permission for Movant to file a successive motion. On January 12, 2017, the Fifth Circuit denied the motion. *See* No. 16-41204, Court of Appeals for the Fifth Circuit, Document No. 00513834051. On March 9, 2018, Movant filed another motion that was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Civil Action No. 4:18cv163. The Court dismissed it as successive on April 12, 2018. On September 16, 2020, Movant filed the instant motion, which was also construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government was not ordered to file a response.

## SUCCESSIVE MOTIONS

A second motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Movant previously filed a federal petition for habeas relief, which was denied and dismissed with prejudice. *See* Civil Action No. 4:14cv460. On April 17, 2017, Movant's first successive § 2255 motion was dismissed without prejudice based on the Fifth Circuit's denial to file a successive motion. *See* Civil Action No. 4:16cv521. Additionally, on April 12, 2018, Movant's second successive § 2255 motion was dismissed without prejudice as successive as well. *See* Civil Action No. 4:18cv163.

Because Movant filed a previous § 2255 motion, which was denied, this Court lacks jurisdiction to consider the present motion until such time as leave to file is granted by the Fifth Circuit. In the instant case, Movant fails to show the Fifth Circuit has granted him permission to file a successive § 2255 motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, the present motion should be dismissed for want of jurisdiction. *Id*.

## RECOMMENDATION

It is recommended that the motion to vacate, set aside or correct the sentence should be dismissed without prejudice to Movant's right to file a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the lmagistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE